■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered May 25, 1990, convicting him of sexual abuse in the first degree (two counts), assault in the second degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The victim, a seven-year-old girl, testified that the defendant placed his hand up her dress and touched her chest after he threatened to kill her mother. The defendant contends that the People failed to prove that he touched the victim's chest since the victim's testimony was inconsistent as to whether the defendant touched her. However, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the sexual abuse convictions beyond a reasonable doubt. The victim testified that when the defendant touched her chest his hand was inside her dress but outside the shirt which she wore underneath her dress. Thus, the victim's negative re-

sponse when asked whether the defendant touched her "anywhere inside" was consistent with her testimony that the defendant touched her chest, since the victim could have interpreted the prosecutor's question to ask whether the defendant had touched her underneath all of her clothing.

Moreover, the defendant contends that the jury could not have believed the victim since she made inconsistent prior statements regarding whether the defendant touched her "private spots". However, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). The jury's findings should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We find the defendant's remaining contentions to be unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Lawrence and Ritter, JJ., concur.